*177 SUMMARY ORDER
Kulwinder Singh, pro se, petitions for review of the January 2003 decision of the BIA denying his motion to reopen his removal proceedings. We presume the parties’ familiarity with the underlying facts, the procedural history, and the scope of the issues presented on appeal.
This Court reviews the BIA’s denial of a motion to reopen for abuse of discretion. Kaur v. BIA, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). An abuse of discretion may be found where the BIA’s decision “provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or eonclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner.” Ke Zhen Zhao v. U.S. Dep’t of Justice, 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).
Here, the BIA gave no explanation for the denial of Singh’s motion, but simply concluded, ‘We are not persuaded that reopening is warranted. Accordingly, the motion is denied.” By failing to provide any reasoning to support this eonclusory statement, the BIA abused its discretion. See id. Moreover, the BIA failed to provide this Court with a sufficient basis to conduct meaningful appellate review, as the decision contains no indication of whether the BIA considered the record at all. For these reasons, and in light of the government’s own recommendation, the case is remanded to allow the BIA to articulate its reasons for its decision.
For the foregoing reasons, the petition for review is GRANTED, the BIA’s decision is VACATED, and the case is REMANDED for further proceedings consistent with this decision. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).